UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JAYSON D. WING, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:10-CV-512 WL |
| v. | ) |
| | ) |
| J.C. CUNDIFF, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Jayson D. Wing, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quote marks and citations omitted).

In the complaint, Wing, a federal inmate housed at FCI-Greenville in Illinois, sues J.C. Cundiff, a private individual who is presently an inmate at the St. Joseph County Jail. Wing claims that Cundiff sexually molested him years ago when he was a boy, which resulted in him

being removed from his family and placed in foster care. Wing attributes the molestation to his leading a "very wrong" way of life and seeks damages from Cundiff. (DE 1 at 1.)

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The circumstances Wing describes are unfortunate, but the complaint alleges neither the violation of a federal constitutional right, nor that the defendant was acting under color of state law. As the Seventh Circuit has explained:

> When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law. This requirement is an important statutory element because it sets the line of demarcation between those matters that are properly federal and those matters that must be left to the remedies of state tort law.

*Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009) (footnote omitted). Though there are some circumstances in which private parties can act under color of state law, this complaint presents no such allegations. Based on the facts alleged in the complaint, there is no remedy for this claim under 42 U.S.C. § 1983. Wing does not specifically allege a state law claim, but to the extent he might have a remedy under state law, this order does not preclude him from seeking such relief in state court.

For these reasons, the case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: December 20, 2010.

                                       s/William C. Lee
                                       William C. Lee, Judge
                                       United States District Court